1  PHILLIP A. TALBERT
   Acting United States Attorney
2  MATTHEW THUESEN
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                IN THE UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,                CASE NO.  2:21-cr-15 KJM

12                          Plaintiff,      STIPULATION REGARDING USE OF
                                            VIDEOCONFERENCING DURING
13            v.                            ARRAIGNMENT AND CHANGE OF PLEA
                                            HEARING; FINDINGS AND ORDER
14 PATRICIA CASTANEDA,
                                            DATE: March 22, 2021
15                          Defendant.      TIME: 9:00 a.m.
                                            COURT: Hon. Kimberly J. Mueller
16

17                          **BACKGROUND**

18        On January 25, 2021, the United States filed an information charging defendant Patricia

19 Castaneda with federal program theft, in violation of 18 U.S.C. § 666(a)(1)(A). An arraignment and

20 change of plea hearing in this matter are scheduled for March 22, 2021.

21        On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

22 ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief

23 District Judges to authorize plea and sentencing hearings by video or telephonic conference when

24 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and

25 safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or

26 sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*,

27 Pub. L. 116-23 § 15002(b)(2). It also empowered Chief District Court Judges to authorize arraignments

28 by video or teleconference. *Id.*, § 15002(b)(1).

STIPULATION REGARDING HEARING              1

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On January 4, 2021, for the reasons set forth in General Orders Nos. 610, 611, 612, 613, 614, 615, 616, 617, 618, 620, 621, and 624, the Chief Judge of this District, per General Order 628, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure generally still cannot be conducted in person in this district without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 628 establish that plea and sentencing hearings cannot safely take place in person. General Order 628 also authorizes arraignments by videoconference.

In order to authorize change of plea hearings by remote means, however, the CARES Act—as implemented by General Order 628—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 628 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 628 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 628. Specifically, for the reasons further set forth below, the parties agree that:

1)      The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California, the fact that the parties have reached a plea agreement to resolve this case, and the backlog of cases that is likely to increase in this District if criminal matters do not

1  proceed by videoconference when the defendant consents and resolution has been reached between the

2  parties; and

3         2)     The defendant waives her physical presence at the arraignment and change of plea

4  hearing and consents to remote hearing by videoconference and counsel joins in that waiver.

5  **STIPULATION**

6       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

7  through defendant's counsel of record, hereby stipulate as follows:

8       1.     The Governor of the State of California declared a Proclamation of a State of Emergency

9  to exist in California on March 4, 2020.

10       2.     On March 13, 2020, the President of the United States issued a proclamation declaring a

11  National Emergency in response to the COVID-19 pandemic.

12       3.     In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and

13  other public health authorities have suggested the public avoid social gatherings in groups of more than

14  10 people and practice physical distancing (within about six feet) between individuals to potentially

15  slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact, and

16  vaccines have not been widely distributed to the general population.

17       4.     On March 17, 2020, this Court issued General Order 611, noting the President's and

18  Governor of California's emergency declarations and CDC guidance, and indicating that public health

19  authorities within the Eastern District had taken measures to limit the size of gatherings and practice

20  social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to

21  commence before May 1, 2020.

22       5.     On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

23  emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low

24  resources across its heavy caseload." The report accompanying the Judicial Council's declaration

25  analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the

26  District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

27  weighted filings) and its shortage of judicial resources (the District is currently authorized only six

28  district judges; two of those positions are currently vacant and without nominations). The report further

explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

6.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020, and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

7.      On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act through May 2, 2021.

8.      General Order Nos. 613, 614, 615, 616, 620, 621, and 624 have also issued and made findings and implementing temporary emergency procedures in response to the COVID–19 crisis, and these General Orders either remain in effect or have been superseded by a subsequent General Order extending their provisions, with General Order 624 having expired on December 29, 2020. On January 4, 2021, General Order 628 issued, authorizing further continuances of hearings and exclusions under the Speedy Trial Act for another 90 days unless terminated earlier.

9.      Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

10.     The change of plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it only would add to the enormous backlog of criminal and civil matters facing this Court and every Judge in this District, when normal operations resume.

//

//

//

//

//

//

//

1      11.     Under CARES Act § 15002(b), defendant consents to proceed with the arraignment and

2 change of plea hearing by videoconference. Counsel joins in this consent.

3      IT IS SO STIPULATED.

4

Dated: March 5, 2021                  PHILLIP A. TALBERT
5                                      Acting United States Attorney

6

7                                      /s/ MATTHEW THUESEN
                                     MATTHEW THUESEN
8                                      Assistant United States Attorney

9

Dated: March 5, 2021                   /s/ ROBERT M. HOLLEY
10                                      ROBERT M. HOLLEY
11                                      JASON R. HOLLEY
                                     Counsel for Defendant
12                                      PATRICIA CASTANEDA

13

14 **FINDINGS AND ORDER**

15      1.      The Court adopts the findings above.

16      2.      Further, the Court specifically finds that:

17          a)      The change of plea hearing in this case cannot be further delayed without serious

18 harm to the interest of justice; and

19          b)      The defendant has waived her physical presence at the arraignment and change of

20 plea hearing and consents to remote hearing by videoconference.

21      3.      Therefore, based on the findings above, and under the Court's authority under § 15002(b)

22 of the CARES Act and General Order 628, the arraignment and change of plea hearing in this case will

23 be conducted by videoconference.

24

25      IT IS SO FOUND AND ORDERED this 8th day of March 2021.

26

27                                 CHIEF UNITED STATES DISTRICT JUDGE

28